### ILLINGWORTH *v.* SPAULDING.

### DOYLE *v.* THE SAME.

*(Circuit Court, D. New Jersey. December 24, 1881.)*

1. LETTERS PATENT—SUIT FOR INFRINGEMENT—DEFENCE.

   Whether a knowledge, by persons residing in this country, of a foreign use of a patent is a defence to a suit for infringement, *quære.*

In Equity.

*J. C. Clayton,* for complainant.

*A. Q. Keasbey* and *Francis Forbes,* for defendants.

NIXON, D. J. Two motions are made in the above-stated cases, which, however, involve the same question. The defendants move that they be allowed to amend their answer, in the case of *Illingworth* v. *Spaulding,* by inserting the following allegation:

"That the said letters patent No. 166,700 [on which the suit of the complainant is founded] are void, for that the same thing, or every material part thereof, claimed therein as new, was, prior to the date of the said alleged invention by the said John Illingworth, known to the following-named persons in this country, viz.: John Hogan, who resides in the city of Brooklyn, state of New York, by whom it had been used in the city of Sheffield, England, and who knew of its use by J. & Riley Carr & Co. at said city of Sheffield, England. * * *"

Other names are inserted, averring the same knowledge in substantially the same language.

The complainant moves, in the case of Doyle against the same defendants, to strike out similar allegations in the answer filed therein.

It was intimated upon the argument that the object of making and arguing these motions, at this stage of the proceedings, was to obtain the ruling of the court upon the question whether such averments, if proved, would be regarded as a defence in a suit for infringement.

The precise question to be determined is the meaning of the expression "known or used in this country," as it occurs in section

4886 of the Revised Statutes: The words "known or used" have been employed in all the patent laws from the first act, passed April 10, 1790, down to their latest general revision, July 8, 1870; but the other words of the phrase, "in this country," were not added until the last-named act was. passed. Why were they. inserted, and what restrictions were they intended to impose? `

The aim of the section is to define what inventions or discoveries are patentable, and congress has used therein the following language:

"Any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new or useful improvement thereof, *not known or used by others in this country*, and not patented or described in any printed publication in this or any foreign country, before his invention or discovery thereof, and not in public use or on public sale for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon the payment of the fees required by law, and other due proceedings had, obtain a patent therefor."

It is an elementary principle in the construction of a statute that the meaning of one part is to be discovered or deduced from a view of the whole. Hence, if one part be doubtful or obscure, the proper way to ascertain the intent is to consider the other parts of the act,— the words and meaning of one frequently leading to the sense of another. Dwarris, St. 188.

Are there any other provisions in the law which throw any light upon the meaning of the above-quoted section? Under the fourth subdivision of section 4920 the defendant, in an action for infringement, is authorized to prove on the trial that the complainant was not the original and first inventor or discoverer of any material or substantial part of the thing patented; but this must be done, subject to the limitations imposed by section 4923, which provides that whenever it appears that a patentee, at the time of making his application for the patent, believed himself to be the original and first inventor or discoverer of the thing patented, the same shall not be held to be void on account of the invention or discovery, or any part thereof, having been known or used in a foreign country before his invention or discovery thereof, if it had not been patented, or described in a printed publication.

This provision also appeared in the fifteenth section of the act of July 4, 1836, and since that date the courts have uniformly held that no prior use in a foreign country of an invention invalidated a patent granted here, unless the invention had been patented, or described in some printed publication. *O'Reilly* v. *Morse*, 15 How. 62; *Hays* v. *Sulsor*, 1 Fish. 532; *Judson* v. *Cope*, Id. 623; Curt. Pat. § 99.

In the amendment proposed a foreign use of the patent is set up, which, in itself, is an immaterial fact. But the offer goes further, and includes proof of a knowledge of such use by persons residing in this country. This suggests a defence different from that of a foreign patent, or of a description in a printed publication, and one, I believe, that has never been adjudicated. The nearest approach to it is the case of *Judson* v. *Cope, supra.* A careful examination of the questions raised on the trial leads to the conclusion that the learned judge who presided was inclined to regard as tenable the defence here proposed. A witness named French was on the stand, and the defendants' counsel asked: "Have you any knowledge of such valve being known and used prior to 1850 by James Watt, at his manufactory in Birmingham called Soho?" The question was objected to for want of sufficient notice under the statute, inasmuch as the notice had not stated "who had knowledge" of the use of the valve by James Watt, but stated simply that it had been used by him at the place named in the interrogatory. The judge said that the question was new, and although he had serious doubts whether any proof was competent to render void an American patent, except that it had been patented abroad, or had been described in a printed publication; yet, in speaking of the defective notice, he said:

"If the averment had been that the witness French, residing at a certain place described, had knowledge of the fact that James Watt had known and used this invention in England, perhaps the proof would be competent. If the notice had averred that this witness had knowledge of the use of this invention at Birmingham at the time stated, the question perhaps might be admissible."

But we are not willing to attempt to determine a question so important upon a motion to amend a pleading. Without expressing any opinion, we have concluded to allow the amendment proposed in the case of *Illingworth* v. *Spaulding*, and to deny the application to strike out in the case of *Doyle* v. *Spaulding*. This leaves the matter within the record to be decided upon the final hearing, and gives to either party the benefit of an appeal, if the decision here should be unsatisfactory.